447 A.2d 1040

**COMMONWEALTH of Pennsylvania**

v.

**Lewis Gilbert FREE, Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 1982.

Filed July 9, 1982.

Lawrence A. Kalikow, Assistant Public Defender, Harrisburg, for appellant.

William A. Behe, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before WICKERSHAM, ROWLEY and WATKINS, JJ.

PER CURIAM:

Following a jury trial, appellant was convicted of murder of the third degree. Post-verdict motions were denied, and appellant was sentenced to a term of imprisonment of from seven and one-half to twenty years. This appeal followed.

Appellant was represented at trial and sentencing by privately retained counsel and is represented on appeal by the Office of the Public Defender of Dauphin County. All of the issues that appellant raises on appeal involve claims of trial counsel's ineffectiveness and are set forth as follows:

Whether trial counsel rendered ineffective assistance in eliciting from a defense witness testimony that she had previously engaged in criminal conduct and in not objecting to the prosecutor's questioning the witness relative to her criminal record?

Whether trial counsel rendered ineffective assistance in failing to request jury instructions on excusable homicide by misadventure, defense of another and/or self-defense?

Whether trial counsel rendered ineffective assistance in failing to retain an expert witness in ballistics?

No hearing has been conducted in the lower court on appellant's claims of ineffectiveness, and we find that we are without sufficient information to render a determination with respect to them. Accordingly, we vacate the sentence

and remand this case to the lower court for the purpose of conducting a hearing on appellant's claims of trial counsel's ineffectiveness. If, following the hearing, the court determines that appellant was denied effective assistance of counsel, it shall enter an order granting appropriate relief. If, on the other hand, the court determines that appellant did not receive ineffective representation at trial, it shall reinstate judgment of sentence. Either party aggrieved by the court's decision may take a new appeal to this court.

Judgment of sentence vacated and case remanded for proceedings consistent with this opinion.